UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DONALD L. VOS,** | ) | CASE NO. 4:24 CV 1320 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **FRANK LAROSE,** | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Donald L. Vos has filed an *in forma pauperis* complaint in this case against Ohio Secretary of State Frank LaRose. (Doc. No. 1.) In his complaint, Plaintiff claims the Ohio Constitution does not allow for President Biden "to bow out of the race for [the Presidency] in 2024 and to be replaced by any other Democrat." (*Id*. at 2.) He seeks a temporary restraining order and a permanent injunction from this Court "preventing the Secretary of State of Ohio from allowing any other Democrat to replace Joe Biden in the Race for President in the 2024 Election." (*Id*.)

Upon review, the Court finds that Plaintiff's complaint must be dismissed.

Federal district courts are required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In addition, federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a claim arising under federal law is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc*., 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents state-law claims between parties of completely diverse citizenship, and the amount in controversy exceeds $75,000. The party seeking to invoke federal jurisdiction bears the burden of demonstrating federal subject-matter jurisdiction. *Eastman v. Marine Mech. Corp*., 438 F.3d 544, 549 (6th Cir. 2006); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff has not demonstrated a valid basis for an exercise of federal subject-matter jurisdiction in the case. No claim arising under federal law is discernible on the face of the complaint. Rather, the complaint asserts a claim arising under Ohio law. And Plaintiff has not demonstrated a valid basis for an exercise of diversity jurisdiction.

Further, this Court lacks jurisdiction to determine over who a political party nominates in a presidential election in any case. Plaintiff's complaint does not suggest a plausible claim upon which he may be granted relief against the Ohio Secretary of State, under either Ohio or federal

law. There is simply no valid basis for awarding Plaintiff the injunctive relief he seeks. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (a preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it).

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is *sua sponte* DISMISSED. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        s/Dan Aaron Polster    9/5/2024
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE